1

2

3

4

5                   UNITED STATES DISTRICT COURT

6                   EASTERN DISTRICT OF WASHINGTON

7    JULIO O., Jr.,

8                             Plaintiff,          NO. 4:22-CV-5147-TOR

9        v.                                       ORDER DENYING PLAINTIFF'S
                                                  BRIEF AND GRANTING
10   COMMISSIONER OF SOCIAL                       DEFENDANT'S BRIEF
     SECURITY,

11                            Defendant.

12

13        BEFORE THE COURT are the parties' briefs seeking judgment in this case.

14   ECF Nos. 16, 21.  These matters were submitted for consideration without oral

15   argument.  The Court has reviewed the administrative record, the parties'

16   completed briefing, and is fully informed.  For the reasons discussed below,

17   Plaintiff's request for remand, ECF No. 16, is DENIED and Defendant's request to

18   affirm the ALJ, ECF No. 21, is GRANTED.

19                              **JURISDICTION**

20        The Court has jurisdiction pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 1

1

**STANDARD OF REVIEW**

2      A district court's review of a final decision of the Commissioner of Social

3    Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

4    limited: The Commissioner's decision will be disturbed "only if it is not supported

5    by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

6    1158–59 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)).  "Substantial evidence"

7    means relevant evidence that "a reasonable mind might accept as adequate to

8    support a conclusion." *Id.* at 1159 (quotation and citation omitted).  Stated

9    differently, substantial evidence equates to "more than a mere scintilla[,] but less

10   than a preponderance." *Id.* (quotation and citation omitted).  In determining

11   whether this standard has been satisfied, a reviewing court must consider the entire

12   record as a whole rather than searching for supporting evidence in isolation.  *Id.*

13     In reviewing a denial of benefits, a district court may not substitute its

14   judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

15   1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

16   rational interpretation, [the court] must uphold the ALJ's findings if they are

17   supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674

18   F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

19   ALJ's decision on account of an error that is harmless." *Id.*  An "error is harmless

20   where it is 'inconsequential to the ultimate nondisability determination.'" *Id.* at

1115 (citation omitted).  The party appealing the ALJ's decision generally bears

the burden of establishing that it was harmed.  *Shinseki v. Sanders*, 556 U.S. 396,

409–10 (2009).

## FIVE STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within

the meaning of the Social Security Act.  First, the claimant must be unable "to

engage in any substantial gainful activity by reason of any medically determinable

physical or mental impairment which can be expected to result in death or which

has lasted or can be expected to last for a continuous period of not less than 12

months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  Second, the claimant's

impairment must be "of such severity that [he or she] is not only unable to do [his

or her] previous work[,] but cannot, considering [his or her] age, education, and

work experience, engage in any other kind of substantial gainful work which exists

in the national economy."  42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to

determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §§

404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).  At step one, the Commissioner

considers the claimant's work activity.  20 C.F.R. §§ 404.1520(a)(4)(i),

416.920(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the

Commissioner must find that the claimant is not disabled.  20 C.F.R. §§ 404.1520(b), 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. §§ 404.1520(d), 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(g)(1), 416.920(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

1    The claimant bears the burden of proof at steps one through four above.

2    *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

3    step five, the burden shifts to the Commissioner to establish that (1) the claimant is

4    capable of performing other work; and (2) such work "exists in significant

5    numbers in the national economy." 20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2);

6    *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

7                                    **ALJ'S FINDINGS**

8    On March 28, 2019, Plaintiff filed an application for Title II disability

9    insurance benefits and Title XVI supplemental security income benefits, alleging

10   an onset date of January 1, 2009. Tr. 36. The applications were denied initially,

11   and again on reconsideration. *Id*. Plaintiff appeared at a telephonic hearing before

12   an administrative law judge ("ALJ") on September 20, 2021. *Id*. At the hearing,

13   Plaintiff amended the alleged onset date to March 28, 2018. *Id*. The ALJ denied

14   Plaintiff's claim on September 28, 2021. Tr. 33. On September 28, 2022, the

15   Appeals Council denied review, Tr. 1, making the ALJ's decision final for

16   purposes of judicial review. *See* 20 C.F.R. §§ 404.981, 416.1481, 422.210.

17   The ALJ found Plaintiff meets the insured status requirements of the Social

18   Security Act through March 31, 2025. Tr. 38. At step one of the sequential

19   evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity

20   since March 28, 2018, the amended alleged onset date. Tr. 39. At step two, the

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 6

1  ALJ found Plaintiff had the following severe impairments: obstructive sleep apnea,

2  obesity, hypersomnia, major depressive disorder, and unspecified anxiety disorder.

3  *Id*.  At step three, the ALJ found Plaintiff did not have an impairment or

4  combination of impairments that meets or medically equals the severity of the

5  listed impairments.  Tr. 40.  The ALJ then found Plaintiff had the RFC to perform

6  a limited range of light work with the following limitations:

> [Plaintiff] can lift up to 20 pounds occasionally and lift and carry up
> to 10 pounds frequently, stand and walk for at least six hours in an
> eight-hour workday, and sit for at least six hours in an eight-hour
> workday, but is limited to only occasional climbing of ladders, ropes,
> and scaffolds and occasional climbing of ramps and stairs.  He would
> need to avoid concentrated exposure to hazards and unprotected
> heights, as well as excessive vibrations.  He would also be limited to
> simple and repetitive tasks, up to a reasoning level 2, and should have
> only occasional, superficial interaction with the public.  In other
> words, [Plaintiff] can have brief exposure to dealing with the public
> on only an occasional basis.  He can have occasional interaction with
> coworkers, but should avoid tandem tasks being performed.  In
> addition, he should avoid any type of fast-paced assembly work.

14  Tr. 41.

15     At step four, the ALJ found Plaintiff is unable to perform any past relevant

16  work.  Tr. 47.  At step five, the ALJ found, based on Plaintiff's age, education,

17  work experience, and RFC, there are other jobs that exist in significant numbers in

18  the national economy that Plaintiff can perform, such as marker, garment bagger,

19  and wire worker.  Tr. 48–49.  The ALJ concluded Plaintiff was not under a

20

1  disability, as defined in the Social Security Act, from March 28, 2018 through

2  September 28, 2021, the date of the ALJ's decision.  Tr. 49.

3                                **ISSUES**

4      1.  Whether the ALJ properly evaluated the medical opinion evidence;

5      2.  Whether the ALJ erred in rejecting schizophrenia as a severe impairment;

6      3.  Whether the ALJ erred in failing to find Plaintiff disabled under the

7          Listings;

8      4.  Whether the ALJ erred in rejecting Plaintiff's subjective symptom

9          testimony and the testimony of a lay witness; and

10     5.  Whether the ALJ properly conducted a step five analysis.

11  ECF No. 16 at 4.

12                             **DISCUSSION**

13  **A.    Medical Opinion Evidence**

14     Plaintiff challenges the ALJ's evaluation of the medical opinions of Reanne

15  C. Chilton, MA, and Dr. M. Cornelia Kirchhoff, Ph.D.  ECF No. 16 at 8.

16     For claims filed on or after March 27, 2017, new regulations apply that

17  change the framework for how an ALJ must evaluate medical opinion evidence.

18  20 C.F.R. §§ 404.1520c, 416.920c; *see also Revisions to Rules Regarding the*

19  *Evaluation of Medical Evidence*, 2017 WL 168819, 82 Fed. Reg. 5844-01 (Jan. 18,

20

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 8

2017).  The ALJ applied the new regulations because Plaintiff's claims were filed after March 27, 2017.

Under the new regulations, the ALJ will no longer "give any specific evidentiary weight . . . to any medical opinion(s)." *Revisions to Rules*, 2017 WL 168819, 82 Fed. Reg. 5844-01, 5867–68.  Instead, an ALJ must consider and evaluate the persuasiveness of all medical opinions or prior administrative medical findings from medical sources.  20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b). The factors for evaluating the persuasiveness of medical opinions and prior administrative medical findings include supportability, consistency, relationship with the claimant, specialization, and "other factors that tend to support or contradict a medical opinion or prior administrative medical finding" including but not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements."  20 C.F.R. §§ 404.1520c(c)(1)–(5), 416.920c(c)(1)–(5).

The ALJ is required to explain how the most important factors, supportability and consistency, were considered.  20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2).  These factors are explained as follows:

> (1) *Supportability.*  The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

(2) *Consistency*.  The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

The ALJ may, but is not required to, explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered.  20 C.F.R. §§ 404.1520c(b)(2); 416.920c(b)(2).  However, where two or more medical opinions or prior administrative findings "about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same," the ALJ is required to explain how "the most persuasive factors" were considered.  20 C.F.R. §§ 404.1520c(b)(2) 416.920c(b)(2).

These regulations displace the Ninth Circuit's standard that require an ALJ to provide "specific and legitimate" reasons for rejecting an examining doctor's opinion.  *Woods v. Kijakazi*, 32 F.4th 785, 787 (9th Cir. 2022).  As a result, the ALJ's decision for discrediting any medical opinion "must simply be supported by substantial evidence."  *Id.*

1.  *Reanne C. Chilton, MA*

Ms. Chilton opined that Plaintiff has decreased capacity to work because his thought process would likely make cognitively demanding tasks extremely fatiguing and Plaintiff's significant difficulties and communications would also

likely affect his ability to work.  Tr. 45–46.  The ALJ found this opinion somewhat

vague as to specific functional limitations but persuasive to the extent it was

consistent with Plaintiff's RFC.  Tr. 46.  However, the ALJ found Ms. Chilton's

medical opinion only partially persuasive overall because the opinion was

inconsistent with other medical opinion evidence.  *Id.*  In particular, the ALJ found

the medical opinion testimony of Dr. Winfrey persuasive and considered Dr.

Winfrey's assessment of Ms. Chilton's evaluation.  *Id.*  Dr. Winfrey testified that

Ms. Chilton's evaluation was not supported with adequate testing and

inappropriately failed to include tests for malingering where other medical records

previously mentioned malingering.  Tr. 44.  Moreover, the ALJ noted some aspects

of Ms. Chilton's opinion were premised entirely on Plaintiff's subjective symptom

complaints.  *Id.*  Finally, the ALJ observed Ms. Chilton was a master's level

student at the time of Plaintiff's evaluation, which is not an accepted medical

source under the regulations.  *Id.*; 20 C.F.R. §§ 404.1502, 416.942.

The Court finds that the ALJ provided substantial evidence for finding Ms.

Chilton's opinion not persuasive.

*2. M. Cornelia Kirchhoff, Ph.D.*

Plaintiff challenges the ALJ's assessment of Dr. Kirchhoff's opinion.  ECF

No. 16 at 8.  Similar to Ms. Chilton's opinion, the ALJ found the testimony of Dr.

Winfrey persuasive with regard to Dr. Kirchhoff's opinion.  Tr. 46.  First, the ALJ

1 noted Dr. Kirchhoff relied on Ms. Chilton's psychological evaluation, which was

2 problematic and unsupported for the aforementioned reasons. *Id.* Next, the form

3 filled out by Dr. Kirchhoff was internally inconsistent, indicating Plaintiff did not

4 meet the listing criteria in certain areas while also indicating Plaintiff was severely

5 limited in other areas. *Id.* In any event, statements by medical experts on issues

6 reserved for the Commissioner, such as listing criteria, are inherently neither

7 valuable nor persuasive. *Id.*; 20 C.F.R. §§ 404.1520b(c)(3)(v), 416.920b(c)(3)(v).

8 Finally, the ALJ found Dr. Kirchhoff's opinion inconsistent with Dr. Winfrey's

9 opinion, which, notably, included a review of the entire medical record, including

10 Dr. Kirchhoff's opinion. Tr. 46. The ALJ concluded Dr. Kirchhoff's opinion was

11 not persuasive. *Id.*

12 It is the ALJ's duty to resolve conflicts in the record, and where the ALJ

13 arrives at a rational conclusion that is supported by the record, the ALJ's decision

14 must stand. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995); *Rollins v.*

15 *Massanari*, 261 F.3d 853, 857 (9th Cir. 2001). Accordingly, the Court finds that

16 the ALJ provided substantial evidence for finding Dr. Kirchhoff's opinion not

17 persuasive.

18 **B.    Schizophrenia Evaluation**

19 Plaintiff argues the ALJ erred by rejecting Plaintiff's schizophrenia as

20 groundless at step two. ECF No. 16 at 16. At step two of the sequential process,

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 12

the ALJ must determine whether a claimant suffers from a "severe" impairment, i.e., one that significantly limits his physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). To show a severe impairment, the claimant must first prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. §§ 404.1521, 416.921.

An impairment may be found non-severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . ." Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3. Similarly, an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities, which include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting. 20 C.F.R. §§ 404.1522, 416.922; *see also* SSR 85-28.

Step two is "a de minimis screening device to dispose of groundless claims." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted). "Thus,

1  applying our normal standard of review to the requirements of step two, [the

2  Court] must determine whether the ALJ had substantial evidence to find that the

3  medical evidence clearly established that [Plaintiff] did not have a medically

4  severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d

5  683, 687 (9th Cir. 2005).

6          Here, the ALJ rejected the diagnosis of schizophrenia on the grounds that it

7  was a provisional diagnosis made by a graduate level student, which is not an

8  acceptable medical source under the regulations.  Tr. 39.  Although the provisional

9  diagnosis was accepted by the student's supervising psychologist, the ALJ was

10  persuaded by Dr. Winfrey's testimony that the original diagnosis was not

11  supported by adequate testing.  *Id.*  Plaintiff argues the ALJ failed to consider that

12  Plaintiff's prescribed medication included Olazapine, a medication used to treat

13  schizophrenia.  ECF No. 16 at 17.  Even if the ALJ erred in failing to consider the

14  medication, the error was harmless because step two of the analysis was resolved

15  in Plaintiff's favor and the ALJ accounted for Plaintiff's mental limitations when

16  considering his residual functional capacity.  *See* Tr. 41 (finding Plaintiff capable

17  of performing only light work); *Burch v. Barnhart*, 400 F.3d 676, 682–83 (9th Cir.

18  2005); *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007).

19          **C.    Step Three**

20          Plaintiff contends the ALJ erred at step three by failing to conduct an

adequate analysis and failing to find Plaintiff disabled.  ECF No. 16 at 17.  In

particular, Plaintiff contends the ALJ should have considered schizophrenia or

Listing 12.03.  *Id*.  At step three, the ALJ first determines whether a claimant's

impairment meets or equals an impairment in the Listing of Impairments (the

"Listings").  *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  The Listings

describe specific impairments that are recognized as severe enough to prevent a

person from engaging in substantial gainful activities.  *See* 20 C.F.R. Pt. 404,

Subpt. P, App. 1.  Each impairment is described using characteristics established

through "symptoms, signs and laboratory findings."  *Tackett*, 180 F.3d at 1099.

To meet an impairment, a claimant must establish she meets each of the

characteristics of the listed impairment.  *Id*.  To equal an impairment, a claimant

must establish symptoms, signs, and laboratory findings "at least equal in severity

and duration" to the characteristics of the listed impairment, or, if a claimant's

impairment is not listed, to the impairment "most like" the claimant's own.  *Id*.  If

a claimant meets or equals one of the listed impairments, the claimant will be

considered disabled without further inquiry.  *See* 20 C.F.R. §§ 404.1520(d),

416.920(d).

An ALJ is not required to discuss the combined effects of a claimant's

impairments or compare them to a listing in an equivalency determination unless

the claimant presents evidence to establish equivalence.  *Burch*, 400 F.3d at 683.

For "paragraph B" criteria, Listing 12.03 requires that the claimant show an extreme limitation in one, or marked limitation in two, of the following functional areas: (1) Understand, remember, or apply information, (2) Interact with others; (3) Concentrate, persist, or maintain pace; and (4) Adapt or manage oneself.  20 C.F.R. Pt. 404, Subpt P, App. 1, § 1200.  To satisfy the "paragraph C" criteria for Listing 12.03, the claimant must show that the disorder(s) are "serious and persistent" and there must be "a medically documented history of the existence of the disorder over a period of at least 2 years, and evidence that satisfies the criteria in both C1 and C2."  *Id.*

Here, the ALJ did not consider Listing 12.03.  However, she did consider Plaintiff's other mental impairments under Listings 12.04 and 12.06, which utilize the same considerations, and found Plaintiff did not satisfy the requirements of the criteria.  Tr. 40–41.  Additionally, an ALJ that makes a finding elsewhere in her decision that would preclude a claimant from establishing step three does not err.  *Lewis v. Apfel*, 236 F.3d 503, 512–13 (9th Cir. 2001) (citation omitted).  At step two, the ALJ rejected Plaintiff's schizophrenia diagnosis because it was provisional in nature, inadequately supported by testing, and made by a medical source not accepted under the regulations.  The Court finds the ALJ's conclusions under the Listings is reasonable and supported by substantial evidence.

**D.    Plaintiff's Symptom Testimony; Lay Witness Testimony**

Plaintiff first contends the ALJ did not rely on clear and convincing reasons in rejecting Plaintiff's subjective complaints.  ECF No. 16 at 18.

An ALJ engages in a two-step analysis to determine whether a claimant's subjective symptom testimony can be reasonably accepted as consistent with the objective medical and other evidence in the claimant's record.  Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029, at *2.  "First, the ALJ must determine whether there is 'objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged.'" *Molina*, 674 F.3d at 1112 (quoting *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).  "The claimant is not required to show that her impairment 'could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Vasquez*, 572 F.3d at 591 (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035–36 (9th Cir. 2007)).

Second, "[i]f the claimant meets the first test and there is no evidence of malingering, the ALJ can only reject the claimant's testimony about the severity of the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations omitted).  General findings are insufficient; rather, the ALJ must identify what

symptom claims are being discounted and what evidence undermines these claims. *Id.* (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995)); *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (requiring the ALJ to sufficiently explain why he or she discounted claimant's symptom claims). "The clear and convincing [evidence] standard is the most demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

The ALJ is instructed to "consider all of the evidence in an individual's record," "to determine how symptoms limit ability to perform work-related activities." SSR 16-3p, 2016 WL 1119029, at *2. When evaluating the intensity, persistence, and limiting effects of a claimant's symptoms, the following factors should be considered: (1) daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication an individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, an individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment an individual uses or has used to relieve pain or other symptoms; and (7) any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms. *Id*. at *7–8; 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).

Here, the ALJ found Plaintiff's impairments could reasonably be expected to cause the alleged symptoms. Tr. 42. However, the ALJ found Plaintiff's statements concerning the intensity, persistence, and limiting effects of those symptoms were not entirely consistent with the other evidence in the record. *Id.*

The ALJ first considered the non-medication treatment Plaintiff received for his sleep apnea. *Id.* Plaintiff testified that his CPAP machine only helped to a certain extent. *Id.* However, the ALJ noted Plaintiff obtained clinically beneficial results when using his CPAP machine. *Id.* (citations to the record omitted). There was no indication of narcolepsy or idiopathic hypersomnia in April 2019 or May 2020. *Id.* Relatedly, the ALJ found the objective medical evidence reflected only a single notation of Plaintiff presenting as lethargic; otherwise, Plaintiff consistently presented with normal gait, normal muscle strength and tone, and intact sensation. Tr. 43. Objective medical evidence is a relevant factor in determining the severity of a claimant's symptoms and their disabling effects. 20 C.F.R. §§ 404.1529(c)(2); 416.929(c)(2). However, an ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence. *Id.* Here, the ALJ considered additional factors in rejecting Plaintiff's subjective symptom testimony.

The ALJ next considered Plaintiff's ability to engage in daily activities,

noting Plaintiff was able to cook, do laundry, mop, assist others to the restroom at his part time job, and attend church.  Tr. 43.  These activities called into question Plaintiff's claimed physical limitations.  *Id.*  Moreover, the ALJ noted Plaintiff's physical limitations were accounted for in his RFC.  Tr. 42.  A claimant's daily activities is a relevant factor in assessing a claimant's symptoms.  20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3).  An adverse credibility finding is warranted if (1) Plaintiff's activities contradict other testimony, or (2) Plaintiff "is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting."  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citation omitted).

Plaintiff also contends the ALJ erred in failing to assess a statement from Plaintiff's mother-in-law.  ECF No. 16 at 20.  However, under the revised regulations, an ALJ is "not required to articulate how [they] consider evidence from nonmedical sources" using the requirements applicable to medical opinions. 20 C.F.R. §§ 404.1520c(d); 416.920c(d).

The Court finds the ALJ provided specific and convincing reasons, supported by substantial evidence, for rejection Plaintiff's symptom testimony.

### E.    Step Five

Plaintiff contends the ALJ erred by failing to conduct an adequate analysis at step five.  ECF No. 16 at 20.  Specifically, Plaintiff asserts the ALJ provided the

vocational expert an incomplete hypothetical.  *Id*.  Plaintiff's challenge is a restatement that the ALJ should have credited his symptom testimony and expert testimony of various experts, which the ALJ properly discounted as discussed *supra*.  The Court finds the ALJ did not err.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Brief (effectively a motion for summary judgment), ECF No. 16, is **DENIED.**

2. Defendant's Brief (effectively a motion for summary judgment), ECF No. 21, is **GRANTED**.

The District Court Executive is directed to enter this Order and Judgment for Defendant accordingly, furnish copies to counsel, and **CLOSE** the file.

DATED June 22, 2023.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S BRIEF AND GRANTING
DEFENDANT'S BRIEF ~ 21